**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

GISELA VIDAL,
an individual,

                                                    Case No.:

            Plaintiff,

v.

                                                    COMPLAINT AND
NATIONAL CREDIT ADJUSTERS, LLC,                     DEMAND FOR A JURY
a foreign limited liability company, and,           TRIAL
ROBERT JAMES & ASSOCIATES INC.,                     (Unlawful Debt Collection
a foreign profit corporation,                       Practices)

            Defendant(s).
_____/

## VERIFIED COMPLAINT

**COMES NOW,** Plaintiff, GISELA VIDAL (hereinafter, "Plaintiff"), by and

through the undersigned counsel, and sues Defendants, NATIONAL CREDIT

ADJUSTERS, LLC (hereinafter, "NCA"), and ROBERT JAMES & ASSOCIATES INC.

(hererinafter "RJA"), (hereinafter, collectively, "Defendants") and alleges:

## I. INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

(hereinafter, "FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat.

§ 559.55 *et seq.* (hereinafter, "FCCPA") (which prohibits debt collectors and persons,

respectively, from engaging in abusive, deceptive, and unfair collection practices),

Vicarious Liability, and Declaratory and Injunctive Relief.

## II. JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.

§ 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C.

§ 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      Venue in this District is proper in that the Defendant transacts business

here and the conduct complained of occurred here.

## III. PARTIES

3.      Plaintiff is a natural person residing in Broward County, Florida.

4.      Defendant NCA is a foreign limited liability company engaged in the

business of collecting debts in Florida with its principal place of business located at 327

West 4th Avenue, Hutchinson, KS 67501.  Defendant's principal purpose is the

collection of debts using telephone, mail, and e-mail, and Defendant regularly attempts to

collect debts allegedly due to another.

5.      Defendant RJA is a foreign profit corporation engaged in the business of

collecting debts in Florida with its principal place of business located at 461 Ellicott

Street, Buffalo, NY 14203.  Defendant's principal purpose is the collection of debts using

telephone, mail, and e-mail, and Defendant regularly attempts to collect debts allegedly

due to another.

6.      At all times herein, Defendants are "debt collectors" as defined by 15

U.S.C. § 1692a(6) and Florida Statute § 559.55(6).

7.      At all times herein, Defendant are each "persons" pursuant to Fla. Stat. §

559.72.  *See* Fla. Stat. § 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819

So. 2d 809 (Fla. 4th DCA 2002).

8.      At all times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statute § 559.55 and 15 U.S.C. § 1692a.

9.      At all times herein, the Defendants acted through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## IV. FACTUAL ALLEGATIONS

11.     On or before July 19, 2012, NCA hired its representative or agent, RJA, in order to collect the Debt from Plaintiff.  Therefore, at all times herein, RJA's collection attempts are indirect attempts by NCA to collect the Debt from Plaintiff.

12.     On or about July 19, 2012, RJA's employee or representative, "Todd," called Plaintiff's brother, from telephone number 315.410.2094, in an attempt to collect the Debt.  "Todd" specifically told Plaintiff's brother that his call was an attempt to collect the Debt.  Neither NCA nor RJA had Plaintiff's prior express consent – written or otherwise – to contact any third parties regarding the Debt.  Nor did Plaintiff's brother have a legitimate need to know of Plaintiff's personal affairs, namely the Debt.

13.     On or about July 26, 2012, Plaintiff contacted RJA at telephone number 315.410.2094 and spoke to RJA's employee or representative, "Todd."  "Todd" told Plaintiff that if Plaintiff did not agree to RJA's proposed payment plan, that RJA would be filing a lawsuit in Broward County, Florida on July 27, 2012, at approximately 3:30-4:00 pm ET.  As a result of fear and intimidation, Plaintiff therefore made an initial

payment of $140.00 on the Debt.

14.     Plaintiff believed that RJA's threats to file a lawsuit the next day (i.e., the immediacy of the threat) meant that RJA was itself a law firm or was associated with, or had already spoken with, an attorney.

15.     During the above-mentioned telephone conversation, Plaintiff advised RJA to never call Plaintiff's family members again in its attempts to collect the Debt. RJA told Plaintiff, "as long as you keep to the payment plan, we won't have to call your family members."

16.     Also during the above-mentioned telephone conversation, "Todd" told Plaintiff that he would immediately e-mail a payment plan agreement letter to Plaintiff.

17.     On or about August 3, 2012, Plaintiff retained Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel"), to represent her with regard to the Debt.

18.     On or about August 3, 2012, Undersigned Counsel called RJA at telephone number 315.410.2094. Aaron Swift, an Associate Attorney of Undersigned Counsel, advised RJA of his representation of Plaintiff with regard to the Debt. Mr. Swift also advised that all further communication with regard to the Debt must be directed to his office and provided Undersigned Counsel's contact information. Finally, Mr. Swift requested RJA to e-mail him the proposed payment plan letter referenced in paragraph 19, *supra*. RJA informed Mr. Swift that it had mailed the letter to Plaintiff on or about July 31, 2012, and then e-mailed a copy of said letter to Mr. Swift. *See* attached a true and correct copy of said agreement letter labeled as Exhibit "A."

19.     RJA's agreement letter, addressed to Plaintiff, contains the following

language: "If payment is not received as outlined above, this agreement will be null and void and, in that event, the full balance of the above-referenced debt, less any payments made by you, will be due and payable, plus attorney fees and court costs."

20.     On or about October 17, 2012, despite having received actual knowledge that Plaintiff was represented by Undersigned Counsel with regard to the Debt, at approximately 2:01 pm ET, RJA called Plaintiff from telephone number 866.439.0410 in an attempt to collect the Debt. RJA left a message on Plaintiff's telephone stating that Plaintiff was in violation of the voluntary settlement because of lack of payment, that termination of the agreement may result in legal action, and provided Plaintiff with a "case number." Defendant RJA failed to state it was a debt collector, it was attempting to collect a debt, and any information will be used for that purpose.

21.     On or about October 17, 2012, despite having received actual knowledge that Plaintiff was represented by Undersigned Counsel with regard to the Debt, at approximately 7:49 pm ET, RJA called Plaintiff from telephone number 866.439.0410 in an attempt to collect the Debt.

22.     On or about October 17, 2012, despite having received actual knowledge that Plaintiff was represented by Undersigned Counsel with regard to the Debt, at approximately 7:51 pm ET, RJA called Plaintiff from telephone number 866.439.0410 in an attempt to collect the Debt.

23.     On or about October 22, 2012, despite having received actual knowledge that Plaintiff was represented by Undersigned Counsel with regard to the Debt, at approximately 3:10 pm ET, RJA called Plaintiff from telephone number 866.439.0410 in an attempt to collect the Debt. RJA left a message on Plaintiff's telephone stating that

Plaintiff was in violation of the voluntary settlement because of lack of payment, that termination of the agreement may result in legal action, and provided Plaintiff with a "case number." Defendant RJA failed to state it was a debt collector, it was attempting to collect a debt, and that any information would be used for that purpose.

24.     On or about October 22, 2012, despite having received actual knowledge that Plaintiff was represented by Undersigned Counsel with regard to the Debt, at approximately 4:14 pm ET, RJA called Plaintiff from telephone number 866.439.0410 in an attempt to collect the Debt.  The call was not answered and no message was left.

25.     On or about October 22, 2012, despite having received actual knowledge that Plaintiff was represented by Undersigned Counsel with regard to the Debt, at approximately 5:29 pm ET, RJA called Plaintiff from telephone number 866.439.0410 in an attempt to collect the Debt.

26.     On or about October 22, 2012, despite having received actual knowledge that Plaintiff was represented by Undersigned Counsel with regard to the Debt, at approximately 6:52 pm ET, RJA called Plaintiff from telephone number 866.439.0410 in an attempt to collect the Debt.

27.     On or about October 25, 2012, despite having received actual knowledge that Plaintiff was represented by Undersigned Counsel with regard to the Debt, "James" from RJA called Plaintiff from telephone number 866.439.0410 in an attempt to collect the Debt.  "James" told Plaintiff that he was calling from "the legal department at RJ Capital," and that he was "ready to sign off on the case and forward it to Broward County Court" unless Plaintiff made a payment on the Debt.  Defendant RJA failed to state it was a debt collector, it was attempting to collect a debt, and any information will be used for

that purpose.

28.     Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, who are obligated to pay her attorneys a reasonable fee for their services.

29.     During RJA's various attempts to collect the Debt, RJA identified itself to Plaintiff as multiple different names—specifically: Robert James & Associates, Inc.; Robert James & Associates, LLC, and as the legal department of RJ Capital.

30.     As a direct result of Defendants' actions, the Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiff's dispute of the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

31.     Florida Statute § 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter against Defendants.

32.     United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter against Defendants.

33.     As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## <u>VIOLATION OF FLORDA STATUTE § 559.72(7)</u>

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

34.    Defendants are subject to, and have violated the provisions of, Florida Statute § 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass the Plaintiff.

35.    Specifically, Defendants committed the following actions that can reasonably be expected to abuse or harass Plaintiff: (a) called Plaintiff's brother in its attempts to collect the Debt; (b) told Plaintiff that they had the right to call Plaintiff's family members; (c) identified themselves by multiple different names; (d) told Plaintiff they were filing a lawsuit in Broward County the next day if Plaintiff did not agree to a payment plan; (e) simulated that they were attorneys or were associated with attorneys; and (f) falsely represented to Plaintiff that she owed attorney's fees and court costs.

36.    Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statute § 559.72(7).

37.    As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

**COUNT TWO:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTE § 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

38. Defendants are subject to, and have violated provisions of, Florida Statute §559.72(9) by asserting the existence of a legal right with the knowledge that such right does not exist.

39. Specifically, Defendants asserted they had the right to contact Plaintiff's family members, and did contact Plaintiff's brother, if Plaintiff did not adhere to a proposed payment plan. Defendants did not possess Plaintiff's prior express consent – written or otherwise – to contact any third parties regarding the Debt and therefore did not possess the legal right to do so.

40. Furthermore, Defendants asserted that they had the right to immediately file a lawsuit if payment of the Debt was not immediately made. Neither of the Defendants are lawyers or law firms, however, and as such do not have the ability to do as they say: file a lawsuit in a Florida court; Florida law requires an entity to be counsel or represented by counsel to undertake that which Defendants threatened to do personally.

41. As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT THREE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTE § 559.72(10)</u>**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

42.     Defendants are subject to, and have violated provisions of, Florida Statute § 559.72(10) by using a communication that simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by government or attorney at law when it is not.

43.     Specifically, Defendants asserted that if Plaintiff did not agree to a payment plan, then they would be filing a lawsuit against Plaintiff in Broward County Court.   Additionally, Defendants gave Plaintiff alleged "case numbers" over the telephone, sent her a letter that contained language regarding attorney's fees and court costs, and told Plaintiff they were calling from the legal department of RJ Capital.

44.      These Debt collection communications simulate legal or judicial process (i.e., giving case numbers) as well as give the appearance to Plaintiff of being associated with an attorney (i.e., threatening to immediately file suit; stating that they are ready to sign off on case; providing case numbers; etc.) when the Defendants are in fact not so associated.

45.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT FOUR:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTE § 559.72(12)**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

46.     Defendants are subject to, and have violated provisions of, Florida Statute § 559.72(12) by orally communicating with Plaintiff in such a manner as to give the false impression or appearance that such person is or is associated with an attorney.

47.     Specifically, Defendants asserted that if Plaintiff did not agree to a payment plan, then they would be filing a lawsuit the next day in Broward County, gave Plaintiff alleged "case numbers" over the telephone, and sent Plaintiff a letter that contained language regarding attorney's fees and court costs.

48.     Further, Defendants told Plaintiff they were calling from a legal department and said they were ready to "sign off on a case."

49.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT FIVE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTE § 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

50.     Defendant RJA is subject to, and has violated provisions of, Florida Statute § 559.72(18) by repeatedly communicating with Plaintiff, in an attempt to collect the Debt, after receiving actual notice that Plaintiff was represented by counsel with regard to the Debt.

51.     Specifically, Defendant RJA received actual notice that Plaintiff was represented by Undersigned Counsel with regard to the Debt on or about August 3, 2012.

52.     Despite receiving said notice, Defendant RJA continued to call Plaintiff directly in attempts to collect the Debt, on behalf of and at the direction of NCA, on at least eight (8) separate occasions.

53.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT SIX:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

54.     Defendant RJA is subject to, and has violated provisions of, 15 U.S.C. § 1692c(a)(2) by repeatedly communicating with Plaintiff, in an attempt to collect the Debt, after receiving actual notice that Plaintiff was represented by counsel with regard to the Debt.

55.     Specifically, Defendant RJA received actual notice that Plaintiff was represented by Undersigned Counsel with regard to the Debt on or about August 3, 2012.

56.     Despite receiving said notice, Defendant RJA continued to call Plaintiff directly in attempts to collect the Debt, on behalf of and at the direction of NCA on at least eight (8) separate occasions.

57.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SEVEN:
## FAIR DEBT COLLECTION PRACTICES ACT –
## <u>VIOLATION OF 15 U.S.C. § 1692c(b)</u>

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

58.     Defendants are subject to, and have violated the provisions of, 15 U.S.C. § 1692c(b) by communicating, in connection with the collection of the Debt, with any person other than Plaintiff, her attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant.

59.     Specifically, Defendants contacted Plaintiff's brother in its attempts to collect the debt without Plaintiff's prior express consent or express permission from a court of competent jurisdiction.

60.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT EIGHT:
### FAIR DEBT COLLECTION PRACTICES ACT –
### <u>VIOLATION OF 15 U.S.C. § 1692d(2)</u>

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

61.     Defendants are subject to, and have violated the provisions of, 15 U.S.C. § 1692d(2) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

62.     Specifically, Defendants committed the following actions that can reasonably be expected to abuse or harass Plaintiff: (a) called Plaintiff's sister in its attempts to collect the Debt; (b) told Plaintiff that they had the right to call Plaintiff's family members; (c) identified themselves by multiple different names; (d) told Plaintiff they were filing a lawsuit in Broward County the next day if Plaintiff did not agree to a payment plan; (e) simulated that they were attorneys or were associated with attorneys; and (f) falsely represented to Plaintiff that she owed attorney's fees and court costs.

63.     As a direct and approximate result of Defendants' willful and flagrant actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

**COUNT NINE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C. § 1692d(6) BY DEFENDANT, RJA**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

64.     Defendant RJA is subject to, and has violated the provisions of, 15 U.S.C. § 1692d(6) by consistently contacting Plaintiff without meaningful, truthful disclosure of its identity.

65.     Specifically, Defendant RJA identified itself to Plaintiff as multiple different names—specifically: Robert James & Associates, Inc.; Robert James & Associates, LLC; and as the legal department at RJ Capital.  Additionally, on several other occasions, Defendant RJA failed to identify itself altogether and failed to state it was a debt collector.

66.     As a direct and proximate result of RJA's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant RJA for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT TEN:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C. § 1692e(2)(B)**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

67.     Defendants are subject to, and have violated the provisions of, 15 U.S.C. § 1692e(2)(B) by falsely representing services rendered or compensation which may be

lawfully received for the collection of the Debt.

68.     Specifically, Defendants falsely represented to Plaintiff that she would be responsible for attorney's fees and court costs if she failed to satisfy a proposed payment plan.   However, Defendants lacked the legal or contractual authority to make such a representation.   Furthermore, even assuming Defendants had a lawful basis for potentially recovering attorneys' fees and costs, Defendants spoke of their ability to prevail and recover such fees and costs with an absolute certainty.   This is a false representation made in an attempt to scare Plaintiff into paying the Debt.

69.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT ELEVEN:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C. § 1692e(5)**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

70.     Defendants are subject to, and have violated the provisions of, 15 U.S.C. § 1692e(5) by threatening to take an action that cannot be legally taken or that is not intended to be taken.

71.     Specifically, Defendants repeatedly threatened to file a lawsuit against Plaintiff in Broward County, Florida if she did not adhere to a proposed payment plan. Defendants, however, did not intend to file said lawsuit, as such threats were made to

intimidate and harass Plaintiff into making payment on the Debt.

72.     Defendants also threatened to file the lawsuit the next day – in fact Defendants: could not file the lawsuit themselves; never intended to contact counsel and bring counsel up to speed on the facts and circumstances surrounding the Debt; and never intended to file suit against the Plaintiff on the timetable threatened.

73.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWELVE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692e(10)

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

74.     Defendants are subject to, and have violated the provisions of, 15 U.S.C. § 1692e(10) by using false representation and deceptive means in attempting to collect the Debt.

75.     Specifically, Defendants: (a)  asserted that if Plaintiff did not agree to a payment plan, then they would be filing a lawsuit against Plaintiff the next day in Broward County; (b) sent a letter to Plaintiff that contained language simulating it was from an attorney or someone associated with an attorney, (c) falsely represented they were calling from a "legal department," (d) and referenced a "case number" in the context of dismissing litigation on the Debt.  Further, RJA identified itself as multiple

different names.

76.     These were all false and deceptive statements made during Defendants'
attempts to collect the Debt.

77.     As a direct and proximate result of Defendants' actions, Plaintiff has
sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each
Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and
such other equitable relief this Court deems appropriate.

### COUNT THIRTEEN:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 U.S.C. § 1692e(11)

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated
herein and further states as follows:

78.     Defendants are subject to and have violated the provisions of 15 U.S.C.
§ 1692e(11) by failing to initially disclose that Defendants are attempting to collect a debt
and that any information obtained will be used for that purpose.

79.     Defendant further failed in subsequent communications to disclose that the
communication was from a debt collector.

80.     These disclosure requirements apply to written as well as oral
communications from debt collectors.  See Foti v. NCO Financial Systems, Inc., 424 F.
Supp. 2d 643 (U.S. Dist. 2006).  See also Michael Belin v. Litton Loan Servicing, LP,
filed July 14, 2006, 8:06-cv-760-T-24-EAJ.

81.     As a direct and proximate result of Defendant's actions, Plaintiff has
sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOURTEEN:
### FAIR DEBT COLLECTION PRACTICES ACT – <u>VIOLATION OF 15 U.S.C. § 1692f(1)</u>

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

82.     Defendants are subject to, and have violated the provisions of, 15 U.S.C. § 1692f(1) by attempting to collect an amount (including interest, fees, charges, or expenses incidental to the principle obligation) not expressly authorized by the agreement creating the Debt or otherwise permitted by law.

83.     Specifically, Defendants falsely represented to Plaintiff that she would be responsible for attorney's fees and court costs if she failed to satisfy a proposed payment plan.  Defendants, however, lacked the legal or contractual authority to make such a representation.

84.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT FIFTEEN:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)(2)(3)(4)(5)**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

85.     Defendants are subject to, and have violated the provisions of, 15 U.S.C. § 1692g(a) by failing to send a written notice to Plaintiff within five (5) days of Defendant's initial communication that contained (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector , (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

86.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against each Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SIXTEEN:
## <u>VICARIOUS LIABILITY</u>

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

87.     Defendant RCA was an agent of Defendant, principal NCA, and acted within the scope of its agency while collecting the Debt, as referenced above.

88.     Defendant, NCA, was aware, or should have been aware, that its agent, Defendant RJA, was unlawfully attempting to collect the Debt in its many willful and flagrant violations of both the FCCPA and FDCPA.

89.     Defendant NCA, owes a duty to the Plaintiffs to collect the Debt from Plaintiffs in a lawful manner.

90.     Defendant NCA, breached its duty by failing to take further action to stop its agent Defendant RJA from collecting the Debt in violation of the FCCPA and the FDCPA.

91.      Defendant NCA's breach of duty was the cause of injury or damage to Plaintiff.

92.     Plaintiff suffered damages as a result of Defendant NCA's breach of duty.

**WHEREFORE,** Plaintiff respectfully request this court to enter a judgment against Defendant NCA, for the following:

a.     Actual Damages;

b.     Statutory Damages pursuant to Fla. Stat. § 559.77(2) and 15 U.S.C. 1692k (a)(2)(A);

c.     Costs and reasonable attorneys' fees pursuant to Fla. Stat. §

559.77(2) and 15 U.S.C. § 1692k (a)(3); and

f.      Such other relief as may be just and proper.

## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

93.     Unless the Defendants are immediately enjoined from continuing to violate Plaintiff's rights under the FCCPA, Plaintiff will suffer irreparable injury.

94.     Plaintiff has no adequate remedy at law.

95.     Plaintiff has a clear legal right to the protections of the FCCPA. Defendant's violations of the FCCPA include, as more specifically described in Counts I-IV above.

96.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt allegedly owed.

97.     The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

98.     As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.      Declaratory judgment that Defendant's conduct violated the FCCPA;

B.      Injunctive relief; and

     C.     For such other and further relief as may be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

99.     Please take notice that Plaintiff demands trial by jury in this action.

Respectfully Submitted,

**LEAVENGOOD & NASH**

/s/ *Ian R. Leavengood*
☐ **Ian R. Leavengood, Esq., FBN 10167**
   **LEAD TRIAL COUNSEL**
☐ **Aaron M. Swift, Esq., FBN 93088**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA                         )

COUNTY OF BROWARD                        )

Plaintiff GISELA VIDAL, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

GISELA VIDAL

Subscribed and sworn to before me
this 3 day of December 2012

Notary Public

My Commission Expires: July 19 2014        Proof of I.D.: FL Drivers License



DELICE ROCHARD
Notary Public - State of Florida
My Comm. Expires Jul 19, 2014
Commission # EE 10142